# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THURMAN HARVEY HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-642-R |
| | ) |
| JOE ALLBAUGH, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff filed this action alleging that his civil rights were violated by the Defendants during his period of incarceration with the Oklahoma Department of Corrections. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On May 23, 2018, Judge Erwin issued a Report and Recommendation wherein he recommended that the Motions to Dismiss filed by Defendants Allbaugh, Knutson, Braggs, Platt, Means, and Madden (Doc. No. 49) and Defendant Elliot (Doc. No. 81) be granted. The Report and Recommendation did not address Plaintiff's claims as they related to his time of incarceration at the Davis Correctional Facility, which implicate Defendants Allbaugh, Knutson, and a host of additional persons. Those claims remain pending before Magistrate Judge Erwin. Plaintiff filed a timely objection to the Report and Recommendation, giving rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Mr. Hines makes specific objection. Having conducted this review, the Court finds as follows.

Plaintiff devotes substantial attention to arguing that affidavits submitted by Defendants with the special report contain false statements and constitute fraud on the Court. The Report and Recommendation and the Court's holding herein are premised on Plaintiff's allegations, without regard to any affidavits submitted by Defendants. Accordingly, the Court will not consider the fraud on the Court arguments asserted by Plaintiff. Additionally, to the extent Plaintiff addresses claims related to his incarceration at Davis Correctional Facility, those claims are not currently before the Court and will not be addressed herein. See, *e.g.,* Doc. No. 104, pp. 14, 23. The Court turns to the remainder of Plaintiff's objection.

Plaintiff begins his objection by arguing that Defendants Allbaugh, Knutson, Braggs, Pratt, Means, and Madden were in default because no motion to dismiss or answer was timely filed pursuant to an Order entered by Judge Erwin. Having responded to the Complaint and filed the instant motion to dismiss, it is apparent that the movants herein intend to defend against Plaintiff's allegations, and "strong policies favor resolution of disputes on their merits." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). The Tenth Circuit prefers a decision be made on the merits rather than judgment be entered for punitive reasons. *See Thunder Mountain Custom Cycles, Inc. v. Thiessen Prod., Inc.*, No. CIVA06CV02527PABBNB, 2008 WL 5412463, at *4 (D. Colo. Dec. 24, 2008) (discussing this preference because otherwise "the defaulted party loses regardless of the merits of its case, without ever having had its day in court"). Accordingly, although Defendants' response to the pleading may have been untimely, the Court declines Plaintiff's request to enter default. If the Clerk had entered default, the

Court would set aside the entry pursuant to Federal Rule of Civil Procedure 55(c), because Plaintiff is not prejudiced by having to address the merits of his claims and Defendants have identified meritorious defenses. *See Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995). Thus, the Court finds no basis in this portion of Plaintiff's objection for rejecting the Report and Recommendation.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a cause of action for failing to state a claim for which the court can grant relief. While Federal Rule of Civil Procedure 8(a)(2) requires only that a plaintiff make "a short and plain statement of the claim showing that the pleader is entitled to relief," it nonetheless requires the plaintiff to plead factual allegations that "give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a motion to dismiss, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in his favor. *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation omitted). Because Plaintiff appears *pro se*, the Court liberally construes his pleadings pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court

may not act as an advocate and make legally cognizable arguments for Plaintiff. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments."). Having addressed these preliminary issues, the Court turns to Plaintiff's specific objections to the Report and Recommendation.

The majority of Plaintiff's claims are premised on 42 U.S.C. § 1983, which provides no substantive rights but permits an injured person to seek damages for the violation of his federal rights. *See* 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). To assert a claim under section 1983, Plaintiff must show (1) he had a right secured by the Constitution and laws of the United States that was violated (2) by a person who acted under color of state law. *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009). Plaintiff's First Amended Complaint alleges violation of his constitutional right to seek access to the courts and his right to file grievances regarding the conditions of his confinement. He further claims he was subjected to retaliation as a result of both the lawsuit, CIV-15-901-R, and grievances that he filed. In addition to the underlying claims, he alleges certain Defendants conspired to deprive him of his rights and that other Defendants failed to train and supervise their subordinates. Judge Erwin recommends dismissal of all claims against the movants as discussed herein.

Judge Erwin recommends the Court dismiss Claim No. Three of the First Amended Complaint wherein Plaintiff alleges Defendants Allbaugh, Means, Pratt, Elliott, Madden and Knutson interfered with his right of access to the courts by interception of certain legal

mail and failing to respond to grievances related to the interception of his legal mail.¹ Judge Erwin concluded the Amended Complaint sufficiently alleged that the named Defendants acted deliberately, but failed to allege sufficient facts to support a claim because Mr. Hines did not allege that he suffered an actual injury; that is, that he was prejudiced in pursuing litigation. *See Lewis v. Casey*, 518 U.S. 343, 351-54 (1996); *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996) (prisoner "must show that any denial or delay of access to the court prejudiced him in pursuing litigation.") Even if the Court accepts as true Plaintiff's allegation that his copy of the motion to dismiss in Case No. CIV-15-901-R was circumvented by Defendant Pratt at the instruction of Defendant Elliott, Plaintiff concedes in his pleading that he eventually received the motion and secured an extension of time to respond thereto. The court in that case did not rule against Mr. Hines on grounds that he failed to respond to the motion. Although Plaintiff asserts that he was required to use his supply of paper and to expend funds to mail his applications for extension of time, he has not alleged facts from which the Court can conclude that he was prejudiced with regard to non-frivolous litigation, i.e., that having to seek additional time required him to forego other litigation.² Pursuant to *Lewis v. Casey*, 518 U.S. at 350-51, Plaintiff lacks standing

---

¹ The Due Process Clause of the Fourteenth Amendment guarantees state inmates the right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). *See also Green v. Johnson*, 977 F.2d 1383, 1389 (10th Cir. 1992) ("The constitutional right of access to the courts is guaranteed by the Due Process Clause[ ] of the ... Fourteenth Amendment[]."); *Nordgren v. Milliken*, 762 F.2d 851, 853 (10th Cir. 1985) (prisoner's constitutional right of access to the courts is accorded by [the Privileges and Immunities Clause of] article 4 of the Constitution and the Fourteenth Amendment, as well as by the First Amendment right to petition).

*Weeks v. Claussen*, 15-cv-2551-CMA-KNT, 2016 WL 10644768 *6 (D. Colo. Oct. 31, 2016); *see also Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990).

² In his objection Mr. Hines states that he "also lost contemplated claims [Intentional/Negligent Misrepresentation – Failure to Protect and False Imprisonment/Segregation] arguable although not established" Doc. No. 104, p, 10. This

to pursue his denial of access to the courts claim premised on the alleged theft of his mail. S*ee Clark v. Oakley*, 560 Fed. Appx 804, 807 (10th Cir. April 1, 2014).

Plaintiff's Claim No. Three can further be construed as alleging denial of access to the Courts based on the failure of certain Defendants to respond to Plaintiff's grievances regarding the redirection/theft of his legal mail, including the denial of grievances Plaintiff labeled as "sensitive" on the grounds that the issues raised therein were not sensitive. Judge Erwin properly concluded that there is no constitutional right to a grievance procedure and denial of the process does not support an independent claim under 42 U.S.C. § 1983. *See Burnett v. Allbaugh*, 715 Fed. Appx. 848, 852 (10th Cir. Nov. 7, 2017); *Boyd v. Werholtz*, 433 Fed. Appx. 331, 2011 WL 4537783 (10th Cir. Oct. 3, 2011). Additionally, Oklahoma law provides an inmate an avenue for relief in the event a grievance goes unanswered, and therefore the failure to answer a grievance does not provide a basis for concluding that Plaintiff suffered an actual injury by virtue of the denial of his grievances.**³** Therefore, the Court grants Defendants' Motions to Dismiss as they related to Plaintiff's Claim No. Three with regard to the period of his incarceration at Lexington.

In Claim No. Six Plaintiff sought relief from Defendant Allbaugh, Director of the Department of Corrections, alleging he failed to adequately train, supervise or discipline certain Defendants. Plaintiff also alleged that Defendant Braggs, Warden at the Lexington

---

confusing and conclusory statement is insufficient to plead a claim that Plaintiff suffered actual injury stemming from the alleged denial of access to the Courts.

³ Judge Erwin's recommendation is not based on a failure to exhaust as required by the PLRA, and accordingly, Plaintiff's contentions that one or more Defendants thwarted or interfered with the grievance process is relevant only to the extent they would support an independent constitutional claim, which claim does not exist for the reasons described in the Report and Recommendation.

Assessment and Reception Center, failed to adequately train, supervise, and discipline his subordinates. Plaintiff also identifies Defendant Knutson, the Director's Designee/Administrative Review Authority ("ARA"), as a defendant to Claim No. Six, although he does not allege whom Defendant Knutson allegedly supervises, nor is there any logical person who can be identified as a subordinate of Defendant Knutson based on his role within the Department of Corrections. Plaintiff contends that as a result of unidentified deficiencies in training, supervision, and discipline, his legal mail, his copy of a motion to dismiss, was subjected to interference. Plaintiff's claims regarding the interference with his legal mail directly implicate Defendant Elliott, who allegedly directed Defendant Pratt to remove a motion to dismiss from Plaintiff's mailbox and reroute it to him. (Doc. No. 45, ¶¶ 25-29). The First Amended Complaint alleges that Defendants Means and Madden saw Pratt remove the manila envelope containing the motion from the inmate mailbox but did nothing to stop the removal. (Doc. No. 45, ¶ 26-27). In response to the Report and Recommendation, Plaintiff states "Mr. Hines has indicated which Defendant should have been trained and adequately supervised all of them from Allbaugh to least c/o involved." (Doc. No. 104, p. 14). The Court concurs with Judge Erwin that Plaintiff's allegations are insufficient to sustain a claim with regard to Claim No. Six.

Judge Erwin's recommendation was premised in part on Plaintiff's failure to identify which particular Defendants were responsible for the supervision of persons directly involved in the alleged theft of the motion to dismiss.[4] Defendant Knutson is

---

[4] Although Plaintiff also alleges in his objection that the Defendants failed to train their subordinates with regard to the grievance process and the handling of inmate legal mail, as discussed above and addressed in the Report and

7

entitled to dismissal without discussion because there are no allegations he supervised anyone involved nor can an inference be drawn based on his role. Further, even if the Court assumes Defendant Allbaugh, as director, is responsible for supervising all other Defendants and Defendant Braggs was responsible for supervising Defendants Pratt, Means, and Madden, Plaintiff has failed to state a claim under § 1983 for a failure to train, supervise, or discipline against either, because "the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008).[5]

A supervising prison official may be liable "[w]here there is essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable." *Houston v. Reich*, 932 F.2d 883, 888 (10th Cir. 1991) (alteration in original) (citation omitted). Here, Claim No. Six merely alleges that Defendants Allbaugh, Braggs, and Knutson "participated and acquiesced in the failure to adequately train, supervise and discipline insubordinates (sic) violating Mr. Hines' rights." Doc. No. 45, p. 39. Such vague and conclusory allegations are insufficient to establish a claim for supervisory liability. In his objection, Plaintiff attempts to clarify his claim by stating that employees should have been trained regarding Department of Corrections policies so as not to retaliate against inmates who file lawsuits or grievances.[6] This allegation is still

---

Recommendation, there is no federal constitutional right to a particular grievance process. The allegations regarding retaliation set forth in his objection related to denial of grievances will be addressed with his retaliation claims.

[5] The Court notes that the status of supervisory liability claims under § 1983 is uncertain in light of *Ashcroft v. Iqbal*. Therein, the Supreme Court "suggested that the simple fact that a supervisor knew of and acquiesced in a constitutional violation committed by his subordinates does not establish that he was personally involved in the violation. 129 S.Ct. at 1949." *Onodera v. Dowis*, No. 10-CV-02303-PAB-KLM, 2011 WL 3666748, at *6 (D. Colo. June 6, 2011), *report and recommendation adopted*, No. 10-CV-02303-PAB-KLM, 2011 WL 3665338 (D. Colo. Aug. 19, 2011).

[6] Plaintiff alleges the existence of a "code of silence." Doc. No. 104, p. 18.

insufficient to avoid dismissal as recommended in the Report and Recommendation. Accordingly, the motion to dismiss is granted as to Claim No. Six.

With regard to Claim No. Eight, Judge Erwin recommended dismissal because of the lack of a constitutional right to a grievance procedure. Nothing in the objection alters the correctness of Judge Erwin's analysis, and accordingly, the motion is granted as to Claim No. 8 as directed to Defendants Allbaugh and Knutson.

Claim No. Nine is captioned "Federal and State Tort of Negligent and Intentional Infliction of Emotional Distress." (Doc. No. 45, p. 41). Plaintiff levies these claims against Defendants Allbaugh, Knutson, Braggs, Means, Madden, Pratt, and Elliott. Judge Erwin recommends the Court dismiss any request for emotional distress damages pursuant to 42 U.S.C. § 1997e and decline to exercise jurisdiction over the state law claims pursuant to the Court's discretion under 28 U.S.C. § 1367(c)(3). The Court notes that dismissal under § 1367(c)(3) is not appropriate because not all claims over which the Court has original jurisdiction have been addressed: the federal claims related to Plaintiff's detention at Davis Correctional Facility remain pending.[7] The Court finds, however, that Plaintiff's allegations are legally insufficient to support a claim under either federal or state law.

42 U.S.C. § 1983 provides an avenue of relief to a person who believes his constitutional rights have been violated by a person acting under color of state law. There are no federal tort claims for either the intentional or negligent infliction of emotional distress by state employees, nor does such a claim sound under § 1983. *See Taylor v.*

---

[7] Section 1367(c)(3) permits the Court to decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction."

9

*Nichols*, 409 F. Supp. 927, 936 (D. Kan. 1976), *aff'd*, 558 F.2d 561 (10th Cir. 1977). Thus, any attempt at a stand-alone federal claim for the intentional or negligent infliction of emotional distress unattached to a claim that a particular constitutional right was violated necessarily fails. To the extent Plaintiff is not seeking to pursue a separate federal claim based on the infliction of emotional distress but seeks only emotional distress damages, the Report and Recommendation correctly concludes that such damages are not available with regard to the claims raised by Plaintiff related to his incarceration at Lexington.

42 U.S.C. § 1997e(e) provides, "[n]o federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)." Physical injury is not defined in the statute, but Plaintiff merely alleges a single episode of bowel and bladder incontinence and one instance of increased blood pressures, neither of which is sufficient to establish physical injury. *See Hughes v. Colo. Dep't of Corrs.*, 594 F. Supp. 2d 1226, 1238–39 (D. Colo. 2009) (finding that physical manifestations of mental and emotional injuries were "insufficient to withstand the 'physical injury' requirement" of the PLRA).[8]

Plaintiff's state law claims for emotional distress are also subject to dismissal. Under Oklahoma law, negligent infliction of emotional distress is not an independent tort, but a

---

[8] Plaintiff alleges in his objection that as a result of his distress he was seen immediately by Dr. Santiago without an appointment and that his mental health medications were changed. Doc. No. 104, p. 22. Although the Court concurs with Judge Erwin's ultimate conclusion on this issue, the Court declines to adopt his reliance on the definition of "serious bodily injury" contained in 18 U.S.C. § 2246(4). The modifier, "as defined in section 2246 of Title 18" applies to the term "commission of a sexual act" not the bodily injury requirement, and the PLRA requires "a prior showing of physical injury" not "serious bodily injury," the term defined in § 2246(4).

version of the tort of negligence. *Kraszewski v. Baptist Med. Ctr. of Okla., Inc.*, 916 P.2d 241, 243 n.1 (Okla. 1996). Thus, "the traditional elements of duty, breach of duty, causation, and damages apply." *Wilson v. Muckala*, 303 F.3d 1207, 1213 (10th Cir. 2002) (applying Oklahoma law) (citing *Kraszewski*, 916 P.2d at 245). Oklahoma courts do not permit recovery for mental pain and anguish unless it is caused by physical suffering or the mental anguish inflicts physical suffering. *Ellington v. Coca Cola Bottling Co. of Tulsa, Inc.*, 717 P.2d 109, 110 (Okla. 1986) ("[T]he plaintiff may recover for mental anguish where it is caused by physical suffering and may also recover for mental anguish which inflicts physical suffering."); *see also Wilson*, 303 F.3d at 1213 ("In Oklahoma, damages for mental anguish are recoverable only if they are produced by, connected with or the result of physical suffering or injury to the person enduring the mental anguish."); *St. Louis S.F. Ry. Co. v. Keifler*, 150 P. 1026, 1028 (Okla. 1915) ("[I]t is the law of Oklahoma that no recovery can be had for mental suffering, which is not produced by, connected with, or the result of physical suffering or injury, to the person enduring the mental anguish."). As discussed above, although Plaintiff alleges that when he first received a copy of the allegedly diverted motion to dismiss and feared imminent dismissal of CIV-15-901-R he lost control of his bowels and bladder, he does not allege the effect was permanent or that it occurred on more than one occasion. The single instance of allegedly elevated blood pressure when Plaintiff was denied a pen by a non-defendant is similarly insufficient to sustain such a claim. The Court does not characterize such a reaction to distressing news as physical suffering or injury and therefore his negligent infliction of emotional distress claim under Oklahoma law fails.

Although no physical injury is necessary to state a claim for the intentional infliction of emotional distress, Plaintiff's allegations, accepted as true, nevertheless do not sufficiently state a claim. Applying Oklahoma law, the Tenth Circuit identified four elements to an intentional infliction of emotional distress claim: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the plaintiff actually experienced emotional distress; and (4) the emotional distress was severe. *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1558 (10th Cir. 1995) (citing *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1387 (10th Cir. 1991)). Additionally, a defendant's conduct must be "beyond all possible bounds of decency" or "utterly intolerable in a civilized community." *Starr*, 54 F.3d at 1558 (citations omitted). Nothing short of "[e]xtraordinary transgressions of the bounds of civility" will give rise to liability for intentional infliction of emotional distress. *Id*.

The Court finds no support in the allegations in the Amended Complaint for a finding that the behavior of one or more of the Defendants was utterly intolerable in a civilized community, or that there were extraordinary transgressions beyond the bounds of civility. Far more egregious actions have fallen short of this standard. Accordingly, the motion to dismiss is granted as to Claim No. 9.

The Magistrate Judge recommended dismissal of Plaintiff's retaliation claims which are contained in Claim Nos. One, Two, and Seven[9]. In Claim No. One, Plaintiff alleges a conspiracy to steal his legal mail out of retaliation for the filing of his first lawsuit, Case

---

[9] The conspiracy claims alleged in Claim Nos. One and Two will be addressed infra.

No. CIV-15-901-R. In Claim No. Two, Plaintiff alleges a retaliatory transfer to a more dangerous and restricted prison facility undertaken because of his lawsuit and grievances about his mail theft. In Claim No. Seven, Plaintiff alleges retaliation for exercising his rights under the First Amendment, although he does not include additional facts that would distinguish this claim from Claim Nos. One and Three.

The Court starts with Claim No. Seven, where Plaintiff did not specifically identify any Defendant, nor did he specifically allege any facts to support his contention that he was subjected to retaliation for utilizing the grievance process and filing his civil rights complaint. Because such facts would be necessary to support a claim, Claim No. Seven is hereby dismissed, and the Report and Recommendation is adopted in this regard.

"It is well-settled that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (brackets and internal quotation marks omitted). Nor may prison officials retaliate against prisoners for filing administrative grievances. *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). To support a claim of retaliation Plaintiff must allege (1) that he engaged in constitutionally protected activity; (2) that the defendants' actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). To satisfy the third element, Plaintiff must allege facts that "but for the retaliatory motive, the incidents to which he refers ... would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.

1998) (internal quotation marks omitted). In consideration of Plaintiff's claims, however, the Court must be mindful of its role: "it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison, and our retaliation jurisprudence does not change this role." *Id*.

In Claim No. One, Plaintiff alleges that he engaged in constitutionally protected activity by filing his initial lawsuit, CIV-15-901-R and in retaliation for that lawsuit Defendant Elliott instructed Defendant Pratt to remove a copy of a motion to dismiss directed to Plaintiff from the prison mail system to Mr. Elliott's office at the Department of Corrections. The First Amended Complaint clearly indicates that Plaintiff engaged in constitutionally protected activity, and the inference could be drawn that it was in retaliation for filing the lawsuit that the motion to dismiss was stolen. However, the Court concurs with Judge Erwin's conclusion that the allegations do not rise to the level of indicating, objectively, an injury that would chill a person of ordinary firmness from continuing to engage in that activity. Therefore, the Court adopts Judge Erwin's recommendation that Plaintiff's claim of retaliation in Claim No. One be dismissed because Plaintiff fails to state a claim.

Judge Erwin recommends dismissal of the retaliation portion of Claim No. Two, wherein Plaintiff alleges Defendants Allbaugh and Braggs arranged his transfer to a different correctional facility, one that is more restrictive, in retaliation for his initial lawsuit and for the filing of emergency/sensitive grievances on January 17, 2017. Plaintiff was transferred on January 25, 2017. Although the First Amended Complaint can be construed as alleging both protected activity and that the injury suffered would chill a

person of ordinary firmness to continue engaging in protected activity, Plaintiff fails to allege facts in support of the final element, "but for" causation. The only factual allegation to support the third element of a retaliation claim is temporal proximity; Plaintiff alleges transfer within a week of his grievances. Plaintiff herein, like the inmate in the recently decided *Leek v. Miller*, 698 Fed. Appx. 922 (10th Cir. June 7, 2017), relies **solely** on temporal proximity to provide the necessary allegations in the third prong. In *Leek,* the Tenth Circuit concluded the allegations were insufficient to avoid dismissal. *Id.* at 926. "[W]ithout supporting factual allegations, temporal proximity between an alleged exercise of one's right of access to the courts and some form of jailhouse discipline does not constitute sufficient circumstantial proof of retaliatory motive to state a claim." *Friedman v. Kennard*, 248 Fed. Appx. 918, 922 (10th Cir. 2007) (affirming dismissal of complaint)(citations omitted). The Court grants the motion to dismiss as it relates to the retaliation portion of Claim No. Two.

Finally, the Court turns to Plaintiff's conspiracy claims, asserted within Claim Nos. One and Two. Plaintiff relies on both 42 U.S.C. § 1983 and § 1985 in his First Amended Complaint without identifying which applies to a particular conspiracy. In Claim No. One Plaintiff alleges Defendants Pratt, Means, Madden, Elliott, Allbaugh, and Braggs conspired to violate his constitutional rights by stealing/re-routing his motion to dismiss in Case No. CIV-15-901-R. He alleges a second conspiracy between Defendants Braggs and Allbaugh for his alleged retaliatory transfer to Davis Correctional Facility in Claim No. Two. The Court will address the alleged conspiracies under both § 1985 and § 1983.

Although Plaintiff cites generally to § 1985, he does not specify which subsection of § 1985 he believes is applicable to his allegations. 42 U.S.C. § 1985(1) clearly has no applicability, it is limited to conspiracies to interfere with the performance of duties by federal officials. *See Payn v. Kelley*, 702 Fed. Appx. 730, 733 (10th Cir. July 27, 2017). To the extent Plaintiff was hoping to rely on § 1985(2) or (3), each of those subsections requires an allegation of invidious discriminatory animus, such as race or class-based animus. *Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015); *Wolfson v. Bruno*, 265 Fed.Appx. 697, 698 (10th Cir. 2008). Plaintiff's First Amended Complaint contains no allegations of any such animus, and accordingly, any conspiracy claims under § 1985 are subject to dismissal.

Plaintiff's efforts to plead 42 U.S.C. § 1983 conspiracy claims in Claim Nos. One and Two fare no better. A conspiracy claim under § 1983 requires the allegation of "specific facts showing an agreement and concerted action among the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). In addition, a plaintiff must allege facts showing an actual deprivation of a constitutional right. *See Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) (to prevail on a section 1983 conspiracy claim, plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right").

Claim No. One alleges a conspiracy among Defendants Pratt, Means, Madden, Elliott, Allbaugh, and Braggs, to steal Plaintiff's legal mail, namely the Motion to Dismiss in Case No. CIV-15-901-R. The Report and Recommendation recommends dismissal of this claim because none of the alleged conspiratorial actions resulted in a constitutional

violation. The Court concurs. Even assuming the First Amended Complaint can be construed as establishing an agreement between Defendants Elliott and Pratt to re-route Plaintiff's legal mail, as set forth above, his contention that Defendants violated his First Amendment rights of access to the Courts falls short because Plaintiff has not sufficiently alleged prejudice.[10] Therefore, his conspiracy claim as set forth in Claim No. One is subject to dismissal.

The same holds true with regard to Plaintiff's conspiracy claim alleging that Plaintiff's transfer was conspiratorial between Defendants Allbaugh and Braggs in addition to being in retaliation for his grievances and prior civil rights complaint. First, the Court has already determined that Plaintiff failed to allege sufficient facts to support his claim for retaliation under § 1983. Furthermore, the allegations in Claim No. Two are devoid of non-conclusory factual allegations to support the existence of an agreement and concerted action. Bald assertions fail to state a viable claim for relief. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."). Accordingly, Plaintiff's conspiracy claim as set forth in Claim No. Two is subject to dismissal.

The Report and Recommendation issued by Magistrate Judge Erwin on May 23, 2018 is adopted to the extent it is consistent with the above findings. In accordance with his recommendation, the claims against Defendants Allbaugh, Knutson, Elliott, Braggs, Pratt, Means, and Madden are hereby DISMISSED WITHOUT PREJUDICE as they relate

---

[10] The allegations against the remaining Defendants wholly lack any facts from which an agreement sufficient to support a claim for conspiracy could be construed.

to Plaintiff's incarceration at Lexington. This matter remains before Judge Erwin with regard to the Davis Correctional Facility Defendants and the claims against Defendants Allbaugh and Knutson related to that same time period.

IT IS SO ORDERED this 17th day of July 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE