# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THURMAN HARVEY HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-642-R |
| | ) |
| JOE ALLBAUGH, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is a January 31, 2019 Report and Recommendation issued by Magistrate Judge Shon T. Erwin, wherein he recommends that the Motion to Dismiss filed by Defendants Joe Allbaugh and Mark Knutson (Doc. No. 133) be granted. Plaintiff filed a timely Objection to the Report and Recommendation (Doc. No. 168), which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted the *de novo* review, the Court hereby ADOPTS the Report and Recommendation and for the reasons set forth therein and stated herein, the claims set forth in Plaintiff's First Amended Complaint against Defendants Allbaugh and Knutson, as they relate to Plaintiff's incarceration at Davis Correctional Facility are hereby dismissed.

The Report and Recommendation characterizes the remaining claims against Defendants Allbaugh and Knutson as alleging that Plaintiff was denied access to the courts, that he was subjected to unsanitary conditions in his cell in violation of his rights under the Eighth Amendment, and that Defendants failed to protect him from inmate violence. With

regard to Plaintiff's access to the courts claim arising under the First Amendment, the Report and Recommendation notes that Plaintiff does not have the right to a state administrative grievance procedure, and the denial of an administrative remedy does not give rise to a claim under 42 U.S.C. § 1983. Plaintiff responds by arguing that his claim is not premised on the denial of his grievances or the failure to respond thereto. Rather, he is asserting that the failure to respond and the arbitrary denial of the emergency/sensitive grievances he filed with Mr. Allbaugh and Mr. Knutson were done in retaliation for Plaintiff's prior grievances and lawsuits against Department of Corrections employees. Regardless of how Plaintiff characterizes his claim that Defendants Allbaugh and Knutson improperly denied certain grievances, his claim is subject to dismissal.

"[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks and citation omitted). At the same time, "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform," so "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Gee v. Pacheco*, 627 F.3d 1178, 1187 (10th Cir. 2010) (internal quotation marks and citation omitted). In the First Amendment context, a retaliation claim requires an inmate plaintiff to allege: (1) that he was engaged in constitutionally protected activity; (2) that the defendant's actions, here the denial of emergency/sensitive grievances, caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendants' adverse action was substantially motivated as

a response to the inmate's exercise of constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). "To satisfy the third prong of the First Amendment retaliation test, an inmate must allege specific facts showing that 'but for the retaliatory motive, the incidents to which he refers ... would not have taken place.'" *Banks v. Katzenmeyer*, 645 F. App'x 770, 772 (10th Cir. 2016) (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Upon review of Plaintiff's Amended Complaint, the Court finds no specific factual allegations against either Defendant Knutson or Defendant Allbaugh to satisfy the "but for" third element of Plaintiff's retaliation claim. Rather, the First Amended Complaint relies on conclusory allegations which are insufficient to meet Plaintiff's pleading burden. Furthermore, when Plaintiff's assertion that his grievances were emergency/sensitive was rejected by Defendants, he remained free to route the grievances through the standard channel. The undersigned concurs with Judge Erwin that Plaintiff's First Amendment claim regarding access to the courts and retaliation is subject to dismissal for failure to state a claim.

The Report and Recommendation addresses the second and third claim together, concluding that Plaintiff failed to allege sufficient facts against Defendant Allbaugh, who was director of the Oklahoma Department of Corrections. Plaintiff asserts that while in the special housing unit at DCF the conditions were unsanitary and that he asked for cleaning supplies to clean his cell or to be moved to a different cell. Plaintiff also asserts that he requested to be moved to a different unit because he felt threatened. Plaintiff contends he has sufficiently alleged personal participation, although his Objection repeats the relevant legal standards and contains little argument, asserting:

3

> Plaintiff has alleged sufficient facts demonstrating -- an affirmative link between Defendant Allbaugh and Knutson actions -- or inactions as to the <u>Final Decision Makers on all grievances</u> − and Constitutional Issues raised therein. *See Meade v. Grubbs*, (10th Cir. 1988) 841 F.3d 1512, 1526. Accordingly, the remainder of Plaintiff's claims should also be GRANTED against Defendants Allbaugh and Knutson as the − <u>Final Decision Makers</u> on all complaints through grievances and – misconduct appeals, at <u>Final Exhaustion Stage</u>.

(Doc. No. 168, p. 8). A § 1983 "plaintiff must show the defendant personally participated in the alleged violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). "[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). *See also Bertolo v. Benezee,* 601 F. App'x 636, 639 (10th Cir. 2015) (quoting *Gallagher*, 587 F.3d at 1069); *Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013)("Denial of a grievance or failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim."). Plaintiff does not allege that Defendants Allbaugh and Knutson's roles were more than "one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

The Court finds that Plaintiff has failed to state a claim against Defendants Allbaugh and Knutson with regard to Plaintiff's claims as set forth in the Report and Recommendation. Accordingly, the Report and Recommendation is hereby ADOPTED and the claims against these Defendants with regard to Plaintiff's incarceration at Davis

Correctional Facility are hereby DISMISSED without prejudice.

IT IS SO ORDERED this 2nd day of August 2019.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE