# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THURMAN HARVEY HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-642-R |
| | ) |
| JOE ALLBAUGH, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights with regard to certain conditions of confinement at two facilities where he has been housed while an inmate in the custody of the Oklahoma Department of Corrections. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for consideration. The Court has previously reviewed certain Reports and Recommendations issued by Judge Erwin, and the issues remaining in the case for resolution revolve around Plaintiff's incarceration at the Davis Correctional Facility ("DCF").[1] Currently before the Court is a February 12, 2019 Report and Recommendation wherein Judge Erwin recommends that the Motion for Summary Judgment filed by Defendants Yates, Robinson, Stanley, Costello, Underwood, Burney, Berry, and Johnson be granted.[2] The matter is currently before the Court on Plaintiff's

---

[1] Plaintiff also had claims stemming from his incarceration at the Lawton Correctional Facility. Those claims were dismissed by the Court on July 17, 2018.

[2] The motion originally had two additional movants, Defendants Phay and Bailey. Plaintiff chose not to proceed with his claims against these Defendants and requested their dismissal as noted in the Report and Recommendation.

timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducting this *de novo* review, the Court finds as follows.

The Report and Recommendation addresses Counts 3, 4, 5, 6, and 8 of Plaintiff's Amended Complaint and recommends that summary judgment be granted to the moving Defendants on Claims 3, 4, and 8 because Plaintiff did not exhaust his administrative remedies prior to filing suit.[3] Judge Erwin recommends that Counts 5 and 6 be dismissed without prejudice for failing to state a clam.

In Objection No. One, Plaintiff challenges the finding at page 10 of the Report and Recommendation wherein Judge Erwin concluded that Count 5 was exhausted in part, but only with respect to a defendant voluntarily dismissed by Plaintiff, Ms. Bailey. (Doc. No. 169, p. 6). In Claim No. Five, labeled "Failure to Protect," Plaintiff asserts his belief "that the following prison officials has violated [his Eighth Amendment] rights: and/or acquiesced in the violations/deprivations: Shauna Baily, Antwan Berry, Joe Allbaugh, and Mark Knutson, and Marty Garrison." (Doc. No. 45, p. 39).[4] In his objection Plaintiff argues:

---

[3] Although the summary of findings set forth in the Report and Recommendation indicates that the recommendation is to dismiss Plaintiff's Claim 6 for failure to exhaust, the recommendation is actually that Claim 6 be dismissed for failure to state a claim and that Claim 8 be dismissed either for a failure to exhaust or because Plaintiff lacks a due process right in a state administrative grievance process.

[4] Plaintiff later identified the appropriate Ms. Bailey as Destiny Bailey but was informed by Judge Erwin that he could not merely substitute Destiny Bailey for Shauna Bailey. Plaintiff was granted leave to amend his complaint for the sole purposes of adding Destiny Bailey as a defendant in place of Shawna Bailey but indicated he would not take advantage of this opportunity and requested dismissal of Shauna Bailey in an October 22, 2018 filing. See Doc.Nos. 152, 155. Marty Garrison was not named as a defendant. Plaintiff's claims against Joe Allbaugh and Mark Knutson have been dismissed by separate order entered this same date. Accordingly, the only remaining Defendant relevant to

> The documents attached to Plaintiff's pleadings demonstrate not only alleged Destiny Bailey's involvement in the failure to Protect Claim No. Five – but also Berry, yates, Allbaugh/Knutson through their failure to adequate train, supervise, and discipline Ms. Bailey. (Claim No. Six).

Doc. No. 169, p. 6. The Court does not construe this argument as directly challenging Judge Erwin's conclusion that Claim No. Five is subject to dismissal. Accordingly, the Objection provides no basis for modification or rejection of the Report and Recommendation as to Claim No. Five.

In Objection No. Two, Plaintiff seemingly acknowledges that he did not fully exhaust any of his grievances. He asserts that he "filed all of his complaints− under the Emergency or Sensitive Grievance Procedure O90124(VIII)(A)(1) and (2), as they relate to Plaintiff's Denial of Access to the Courts Claim." (Doc. No. 169, p. 7. Plaintiff thereafter asserts that the improper denial of his emergency or sensitive grievances as allegedly not emergency or sensitive, both at the administrative review level by Underwood and Yates or at the administrative review authority by Allbaugh or Knutson, was in violation of Department of Corrections policy because the grievances were indeed emergency or sensitive. Plaintiff argues, "[t]he next question is, was the grievances that Yate/Underwood rejected truly emergency sensitive in nature[?]" (*Id.*).

As noted in the Report and Recommendation and acknowledged by Plaintiff, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires "proper exhaustion of administrative remedies," *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper

---

Claim No. Five is Antwan Berry. As to Defendant Berry, Judge Erwin concluded that Claim No. Five was not exhausted. (Doc. No. 167, n. 4).

exhaustion means that an inmate must use "all steps that the agency holds out, and do[] so properly." *Id*. at 90 (internal quotation marks and citation omitted). Recently the Supreme Court held that exhaustion under the PLRA is mandatory, and the Court may not excuse a failure to exhaust, even in "special circumstances." *Ross v. Blake*, --- U.S. ---, 136 S.Ct. 1850, 1857 (2016). Thus, all available prison remedies must be exhausted before a plaintiff may proceed with his claims.

Both Judge Erwin and Plaintiff set forth the steps for exhaustion delineated in the Department of Corrections policy, specifically OP-090124, which addresses both regular and emergency/sensitive grievance procedures. However, for ease of reference, the Court summarizes the grievance process again.

> According to OP-090124(IV), an offender must first attempt to informally resolve his complaint by talking with the appropriate staff member. See OP-090124(IV). If unsuccessful, then the offender must submit a Request to Staff ("RTS") to the appropriate staff member. *Id.* at (IV)(C). If the offender's complaint remains unresolved, the offender may begin the formal grievance procedure by submitting a Grievance to the Reviewing Authority. *Id*. at (V). If the complaint is medical related, the offender must submit the Grievance to the facility Correctional Health Services Administrator ("CHSA"). *Id.* at (V)(B)(1). Grievances that are an emergency or of a sensitive nature can be submitted directly to the Reviewing Authority without informal resolution. This is appropriate where the inmate faces a substantial risk of personal injury, sexual harm or other irreparable harm. *Id*. at (VIII). If a grievance response fails to resolve the issue, the inmate should appeal to the Administrative Review Authority ("ARA"), or if the complaint is medical related, to the Chief Medical Officer. *Id.* at (VII).

*Johnson v. Marlar*, No. CIV-16-440-JHP-SPS, 2019 WL 1756288, *5 (E.D. Okla. Apr. 19, 2019). If an inmate designates a grievance as emergency or sensitive and submits it directly to the reviewing authority, the reviewing authority may reject the grievance because it is neither emergency nor sensitive. An inmate's recourse is either to appeal to the

4

administrative review authority or to utilize the "standard" grievance procedures. If the administrative review authority rejects the issue on the grounds that it is not an emergency or sensitive, the inmate should utilize the standard grievance process.

Plaintiff herein filed a number of grievances labeled as emergency/sensitive, most of which were rejected by the reviewing authority or administrative review authority, or both, on the basis that they did not raise emergency or sensitive issues. Plaintiff did not re-submit any of these grievances through the standard non-emergency grievance process. In certain circumstances he also approached the Administrative Review Authority directly, which rejected the emergency or sensitive designation affixed by Plaintiff. Plaintiff's objection to the Report and Recommendation is largely directed at what he considers the improper determination by the Reviewing Authority and/or Administrative Review Authority that his grievances were not sensitive or emergency. He contends that these improper decisions regarding the nature of his grievances thwarted his efforts to exhaust, because the issues raised therein constituted emergencies or were sensitive issues, often times because the person about whom Plaintiff was complaining was Defendant Burney, who directly supervised Mr. Hines in his role as inmate legal assistant.

Plaintiff first addresses Grievance 2017-169, which he submitted as Emergency or Sensitive on July 12, 2017. (Doc. No. 117-4, p. 21)). Warden Yates returned the Grievance unanswered, because he did not perceive it to be an Emergency or Sensitive. (*Id.*, p. 20). Plaintiff does not contend that he resubmitted the grievance via the standard process; rather, he filed an appeal to the administrative review authority. Mark Knutson rejected the appeal as improperly filed because it was received out of time from the date of the facility head

response. Pursuant to OP-090124, Plaintiff had fifteen days from the date he received his rejection to lodge his appeal. Plaintiff does not challenge Knutson's ability to reject his appeal as untimely or the calculation of the time by Mr. Knutson. Rather, he asserts that the error was in the determination that it did not raise an emergency or sensitive issue. (Doc. No. 169, p. 8).[5]

To the extent Plaintiff complains that emergency grievances were improperly rejected as such by the reviewing authority or administrative review authority, DOC policy grants to those bodies the discretion for making such a decision. "When the appropriate reviewing authority determines that a grievance is not of an emergency or sensitive nature, the inmate/offender will be provided written notification that the grievance is not of an emergency or sensitive nature and that the standard grievance process must be followed. OP-090124(VIII)(D)(eff. dates 07-19-2016 and 10-18-2017). Plaintiff's disagreement regarding the emer-gency/sensitive nature of his grievances does not support a cause of action against any Defendant, nor does it excuse exhaustion. As stated by the Court in *Thomas v. Parker*, 609 F.3d 1114 (10th Cir. 2010), "Plaintiff's disagreement with prison officials as to the appropriateness of a particular procedure under the circumstances, or his

---

[5] Plaintiff argues that the grievance was returned late under Department of Corrections policy on August 24, 2017, however, none of the documents cited by Plaintiff or reviewed by the Court bear this date. Rather, Plaintiff submitted a second grievance addressing the same issue on August 23, 2017, identified as 2017-216, noting he had previously filed 2017-169. The grievance was returned for various reasons, including that it was untimely, not emergency or sensitive, requested transfer, and raised more than one issue. (Doc. No. 117-4, pp. 25-26). The appeal was rejected by Mark Knutson as untimely. Plaintiff again complains about the initial rejection based on the determination by Warden Yates that the issue was not emergency or sensitive. Plaintiff makes similar complaints in his objection about the return of Grievances 2017-249, 2017-255. With regard to Grievances 2017-268, 2017-269 (which was not presented to the Court), 2017-295, 2017-299, and 2017-311, Plaintiff contends they were rejected improperly for the same reason both by the reviewing authority and when he raised the issue directly with the administrative review authority. (Doc. No. 169, p. 12). Plaintiff did not resubmit the grievances using the standard grievance procedure.

belief that he should not have to correct a procedural deficiency does not excuse his obligation to comply with the available process." *Id.*at 1119 (internal quotation marks and citation omitted); *Rachel v. Trout*, 764 F. App'x 778 (10th Cir. 2019); *Brewer v. Mullin*, 130 F. App'x 264, 265-66 (10th Cir. 2005) ("Mr. Brewer may believe that prison officials erred in deciding his issues were not emergencies, but that does not mean he can simply ignore their determination and opt out of the grievance procedure.") *Craft v. Null*, 543 F. App'x 778, 780 (10th Cir. 2013)("Even if [Plaintiff was] correct in characterizing his grievance as an emergency, he still would have had options open to him under the administrative process.")

Plaintiff cites no authority holding that denial of the emergency/sensitive nature of a grievance or multiple grievances renders the process unavailable, and the Court's research has not unveiled any such authorities. In *Davis v. Bear*, 537 F. App'x 785, 789 (10th Cir. 2013) the court rejected the inmate plaintiff's argument that "the return of his emergency/sensitive grievance without action rendered the administrative remedies unavailable to him." In *Campbell v. Jones*, 684 F. App'x 750 (10th Cir. 2017), the court found that the plaintiff was required to file a grievance appeal, even when the grievance was improperly rejected, as the ARA "might have rectified the error." *Id.* at 753.

Plaintiff did not avail himself of the standard grievance procedure when grievances he promoted as emergency/sensitive were rejected. The Court finds that Plaintiff cannot rely on the denial of the emergency/sensitive nature of grievances as a basis for avoiding the exhaustion requirement when he did not follow the remaining procedures. Generally speaking, Plaintiff did not properly present his relevant grievances, "in accordance with

the applicable procedural rules," through all available levels of administrative review. *See Ngo*, 548 U.S. at 88. Accordingly, Plaintiff's Objection No. Two to the Report and Recommendation provides no basis for rejection or modification thereof, and the Court hereby adopts the Report and Recommendation.

In his Objection No. Three, Plaintiff challenges Judge Erwin's determination that he cannot challenge his disciplinary convictions in this action, arguing that *Heck v. Humphreys*, 512 U.S. 477, 487 (1994), does not bar his claim, because he seeks declaratory relief. (Doc. No. 169, p. 13). The Court disagrees. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court applied *Heck* to judgments in prison disciplinary proceedings; holding that a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits is not cognizable under § 1983 unless the prisoner can demonstrate the misconduct has previously been invalidated. *Id.* at 648. Therefore, Objection No. Three provides no basis for rejection or modification of the Report and Recommendation.

In Objection No. Four, Plaintiff challenges the Report and Recommendation as it pertains to Judge Erwin's conclusion that Claim Four was not exhausted, arguing that the reviewing authority, Defendant Yates, improperly returned his grievance, again arguing error in assessing the sensitive or emergency nature of the grievance. Because the Court previously concluded that the decision on the emergency or sensitive nature lies within the discretion of the reviewing authority, and because Plaintiff did not appeal or proceed with the standard grievance process, the Report and Recommendation is correct in concluding

8

that Plaintiff did not exhaust Claim No. Four.[6] Objection No. Four provides no basis for modification or rejection of the Report and Recommendation.

Objection No. Five challenges the Report and Recommendation as it relates to Claim Five, wherein he alleges a failure to protect. As noted above, the only remaining Defendant for this claim is Defendant Antwan Berry. The Report and Recommendation recommends dismissal of the claim because Defendant Berry is not implicated in the alleged failure to protect.

In his objection, Plaintiff takes issue with the affidavit of Underwood, relied upon by Judge Erwin, which indicates that Warden Yates accepted the grievance. (Doc. No. 167, p. 17). The Court agrees with Plaintiff that the signature on the page appears to indicate that Terry Underwood and Unit Head Antwon Berry signed the grievance response, which was partially granted. (Doc. No. 117-4, p. 38). Who signed the grievance response is of no consequence to the outcome of Plaintiff's Claim No. Five, however, because Plaintiff's factual allegations in the First Amended Complaint and the grievances reviewed do not implicate Defendant Berry. That is, as noted at note 7 of the Report and Recommendation, Defendant Berry was not implicated by name in any of Plaintiff's grievances, and therefore Claim No. Five as it relates to Defendant Berry is subject to dismissal because it is not exhausted. "[A properly completed] grievance satisfies § 1997e(a)'s exhaustion

---

[6] Grievance 2017-102 was rejected on a number of grounds: it was not emergency/sensitive, it was untimely, and it involved more than one issue. Plaintiff argues that he did not raise two issues in the grievance, but rather requested alternative relief, which is not prohibited by Department of Corrections' grievance procedures. He further argues that because 2017-216 was an emergency/sensitive grievance, pursuant to policy it did not have a time limit. These arguments are irrelevant in light of the rejection of the grievance because it was not emergency or sensitive, a decision within the discretion of Warden Yates. Plaintiff did not appeal.

requirement so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006), *overruled on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).[7]

In Objection No. Six, Plaintiff challenges Judge Erwin's recommendation that Claim No. Six be dismissed because Plaintiff failed to allege sufficient personal participation by the named Defendants. In Claim No. Six, Plaintiff alleges that certain supervisory Defendants acquiesced in the deprivation of his constitutional rights. Specifically, as relevant to the instant motion, he asserts that Defendants Berry, Yates, and Underwood failed to adequately train, supervise, and discipline subordinates, specifically Shawna Bailey.[8] The Court finds that Defendants Berry, Yates, and Underwood are entitled to summary judgment, because the only clearly identifiable claim regarding allegedly deficient supervision, training and discipline involved Ms. Shawna Bailey, whose

---

[7] The Court further notes that the First Amended Complaint does not include any allegations that, after Plaintiff complained about the violence against his cellmate, Plaintiff was subjected to any violence by the same person or groups of people who preyed on persons convicted of child molestation.

[8] Mr. Hines' allegations at paragraphs 85 through 89 focus on his contention that Shawna Bailey violated his rights by informing other inmates of the nature of the charges against him. Upon receipt of the affidavit of Shawna Bailey indicating her position within the accounting office and that she was not a corrections officer, it became apparent Plaintiff had mis-identified Defendant Bailey. Plaintiff filed a Motion to Compel seeking the name of the correct Ms. Bailey who worked in Alpha South unit at DCF. Defendants' counsel was ordered to provide Mr. Hines with the correct first name for this Ms. Bailey. Plaintiff had requested to supplement his Amended Complaint, which the Court granted, informing Plaintiff that he could file a supplement substituting the proper first name for Ms. Bailey within fourteen days of obtaining that information from defense counsel. No other amendments were permitted. (Doc. No. 130). Plaintiff was informed that Destiny Bailey was the person he actually intended to sue, however, Plaintiff never filed an amended pleading naming Destiny Bailey. Rather, he sought to have her name substituted in the Amended Complaint for Shawna Bailey. Judge Erwin noted there was no basis for using this methodology but granted Plaintiff additional time in which to file his new pleading. Thereafter Plaintiff informed the Court that he did not wish to proceed against Destiny Bailey. (Doc. No. 152). Accordingly, Destiny Bailey is neither a Defendant in this action nor are there any allegations in the Amended Complaint about her. Rather, the allegations address Shawna Bailey.

uncontroverted affidavit establishes that she was not a corrections officer nor did she have any interaction with Mr. Hines.

To the extent Plaintiff is attempting to argue these Defendants are liable for a failure to train, supervise or discipline other corrections officers, whether named Defendants or not, the allegations are too vague and conclusory to give notice to the Defendants of the contour of his claim. Claim No. Six reads:

> (1) Mr. Hines believes that his right to be free from arbitrary and purposeless use and abuse of authority has been violated as a result acquiesced in the deprivation of Mr. Hines' Constitutional Rights that has been violated described in this complaint.
> (2) Mr. Hines believes that the following Prison officials has participated and acquiesced in the failure to adequately train, supervise, and discipline insubordinates violating Mr. Hines' rights: Antwon Berry, James Yates, Terry Underwood . . . .
> (3) Plaintiff reallege and incorporate by reference paragraphs ( - ) ( - ) ( - ) ( - ) ( - ) and all Facts in Exhibits/Declarations.

Doc. No. 45, p. 39. Additionally, except with regard to the claim addressed in Grievance No. 2017-225, any substantive claims were not exhausted, and therefore Plaintiff could not proceed with his claims against the supervisory Defendants for their alleged participation in the violation of his constitutional rights. The Report and Recommendation is adopted to the extent it is consistent with the analysis set forth herein, and Defendants are entitled to summary judgment on Claim No. Six.

In Objection No. Seven, Plaintiff challenges Judge Erwin's recommendation that his retaliation claims as set forth in Claim No. Eight, to the extent they are premised on the denial of the emergency/sensitive nature of the grievances he filed, be dismissed. Judge Erwin concluded that the emergency/sensitive nature of a grievance is an issue reserved

for prison officials and that a judicial inquiry into the issue would excuse exhaustion, which the Court is not permitted to do.[9] In response to the Report and Recommendation, Plaintiff contends that Judge Erwin misinterprets Claim No. Eight, arguing that the claim is one for retaliation in violation of his First Amendment rights, specifically by improperly denying the emergency/sensitive nature of his numerous grievances. Regardless of the alleged mischaracterization of Plaintiff's claim, however, Plaintiff does not establish that he exhausted any such claim. Despite repeatedly being informed that his grievances were not emergency or sensitive, he did not take his grievances to the standard route once they were denied, nor does he point to any administrative exhaustion of the alleged retaliation claim via completion of the entire process. Therefore, the Court adopts the Report and Recommendation as it relates to Plaintiff's Claim No. Eight.

Plaintiff also takes issue with Judge Erwin's contention that he is raising issues of criminal law. However, Plaintiff thereafter cites to 18 U.S.C. § 241, and asserts he is entitled to a declaratory judgment that Defendants Yates and Underwood have engaged in a conspiracy. Regardless of what the legal basis for his conspiracy claim is or whether that basis is legally sound, Plaintiff does not overcome Judge Erwin's conclusion that he did not exhaust his administrative remedies. As stated throughout this Order, Plaintiff continually presented emergency/sensitive grievances which were rejected as not actually emergency or sensitive by the persons vested with the discretion to make that assessment

---

[9] Judge Erwin further concluded that, to the extent Plaintiff is complaining about the violation of due process during the grievance process, there is no due process right to state administrative procedures and no liberty interest in the process. In his objection, Plaintiff disavows Judge Erwin's alternative characterization of his claim.

per Department of Corrections policy, rather than following the policy of re-submitting grievances via the standard route. In short, Plaintiff fails to overcome the evidence presented by Defendants that he did not exhaust Claim No. Eight, nor has he established that administrative remedies were unavailable to him. Summary judgment is therefore appropriate in favor of Defendants on Claim No. Eight.

For the reasons set forth herein, the movant Defendants are entitled to summary judgment on Plaintiff's Claim Nos. Three, Four, Five, Six and Eight. Plaintiff's Motion for Summary Judgment (Doc. No. 119) is DENIED.

IT IS SO ORDERED this 2nd day of August 2019.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE