In The United States District Court
For The Western District Of Oklahoma

Thurman Harvey Hines
　　　　Plaintiff
　　vs.
Joe Allbaugh et al
　　　　Defendant(s)

CIV-17-642-R

FILED
SEP 20 2019
CARMELITA REEDER SHINN
CLERK, U.S. DISTRICT COURT
BY_____ DEPUTY

## Motion For Relief From Judgment

Plaintiff, a pro se, prisoner, Jail House Lawyer accord Rule 60(b)(2)(3)(4) Federal Rules of Civil Procedure, and Respectfully requests that this Court GRANT Plaintiff's Motion For Relief From Judgment, and in support Plaintiff present the following facts, reasons, circumstances, situations, evidence and legal argument to wit:

1. On and about ___N/A___ Plaintiff filed an Amended Complaint in this Court [Doc. No. ___] against the Director of ODOC Joe Allbaugh and Mark Knutson Director Designee and Defendants of DCF Prison Officials Yates, Underwood/Burney/Stanley/Berry/Robinson and Costello/Johnson in case no# CIV-17-642-R, and raising several Unconstitutional Practices/Violations.

1

2. 2. On and about August 2nd, 2019 this Court entered Judgment in favor of Defendants Joe Allbaugh/Knutson dismissing Complaint without-Prejudice and Summary Judgment for DCF Defendants Yates/Underwood/Burney/Robinson/Berry/Stanley/Costello and Johnson for failure to-Properly Exhaust administrative remedies.

3. After this court Granted Plaintiff to amend Summary Judgment motion the DCF Prison Officials Defendants and others Misconduct-by refusing to File Non-of Plaintiff's request to Staffs on all-of the original claims and New claims that Plaintiff has now filed — against the DCF same Prison Officials by the Law Library Sup Burney and Hasan.

4. The DCF Prison Officials also refuse to allow Plaintiff to have access to grievance forms at days at a time or the Fox-Alpha-Unit did not provide any at days at a time for weeks and months.

5. The DCF Prison Officials attempted to actually Use Unecessary Force to place Plaintiff in cells with violent inmates especially Gang-members in Violation of ODOC Policy 03dc2 and State/Federal Law-Knowing Plaintiff is an Obvious risk and target for violence as a Gay Sex Offender, that resulted in Plaintiff being assaulted to deter Himes-from Proper Exhaustion and filing another Suit and attempted — to Cover it Up by False Misconducts and Pepper Spray Himes twice and attempted to Cover both of them up by False Misconducts and Was Transfered — to a More Dangerous and Higher Maximum Security OSP upon a False Statement

-2-

that Plaintiff assaulted an Officer, with No Reports, and upon Hines advised the DCF Prison Officials that Hines was going file another civil action against them, all Personal and legal property of Hines was confiscated, and upon Hines Transfer to OSP, Hines did not receive any Personal or legal property for about 20 days or more. And No access to grievance forms for days were Not on Client-Quad-2, and discovered that all Plaintiff's Legal material relating to the OSR-CIV-15-901-R and DCF-CIV-17-642-R was Missing Including New Evidence (RTS) that were denied and Unfiled with the Law Library Barney Show Proper Exhaustion was destroyed or Missing for the Original Claims and New Claims. Which also placed an Overwhelming Chilling Effect on Mr. Hines.

MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO

This Court may GRANT a Rule 60(b)(1) motion when a by — a showing of mistake, inadvertance, surprise or excusable neglect, or newly discovered evidence or a Rule 60(b)(3) Fed.R.Civ.P. for fraud or misrepresentation, or other Misconduct by an adverse party Rule 60(b)(3). See General Universal Systems Inc. v. Lee, (5th Cir. 2004) 379 F.3d 131.

156.("This subsection of the rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect") Anderson v. Cruzan, Inc (1st Cir. 1988) 862 F.2d 910, 923 (holding that, for the term "Misconduct" to have meaning in the Rule 60(b)(3) context, — it must differ from both, 'fraud' and 'Misrepresentation'") a nature as — to prevent the other party from fully and fairly presenting his case.

In this case, Plaintiff asserts, that the DCF Prison Officials — Burneure refuse to even file his RTS, in regards to the claims raised in this case during the Judgment and Sentence Phase Ordered by this Court inter-alia, had Plaintiff Transfered to OSP without Legal materials — and destroyed and/or Confiscated all almost Newly discovered evidence — in this case in support of Proper Exhaustion.

Further, there is No Time limit under Rule 60(b)(4) to file a motion attacking a Void Judgment due to the lack of Jurisdiction by the court and will be granted. See Bailey v. Michael (5th Cir. 1993) 981 F.2d 246, 249 (No time limit on Rule 60(b)(4) attack on a judgment as Void of Jurisdiction). As herein this particular case, Proper Jurisdiction for the DCF Prison Officials accord this Court is the Eastern District Court of Oklahoma. "Judicial Notice" of CIV-19-497-R and CIV-19-509-R.

-4-

## CONCLUSION

For the foregoing reason this Honorable Court should GRANT Plaintiff's motion. IT IS SO PRAYED on this 20 day of August 2019.

/s/ Thurman Hines
Thurman Harvey Hines #192745

## VERIFICATE/DECLARATION/CERTIFICATE SERVICE

STATE OF OKLAHOMA )
COUNTY OF PITTSBURG ) CIV-17-642-R

I, Thurman H. Hines, the undersigned, declare/depose/verify/certify/state says under penalty of perjury that I am the Plaintiff in the above action and that I have read the foregoing instrument and that the information contained therein is true and correct and that, that a true and correct copy was mailed on this 20th day of August 2019 by placing the same in the OSP legal mailing system with first class prepaid postage thereon to:

| | |
|---|---|
| Court Clerk - Carmelita Reeder Shinn | Darrell L. Moore of Jr. Ralph Moore Law Firm |
| U.S. Dist. Court W.D. Oklahoma | P.O. Box 368 |
| 200 N.W. 4th St. Rm 1210 | Pryor, Oklahoma 74362 |
| OKC, Oklahoma 73102 | |
| | AAG |
| | 313 N.E. 21st, OKC, OK 73105 |

/s/ Thurman Hines 192745

5