IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THURMAN HARVEY HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-642-R |
| | ) |
| JOE ALLBAUGH, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Plaintiff's Motion to Alter and/or Amend Judgment (Doc. No. 174) and his Motion for Relief from Judgment (Doc.No. 173). Defendants responded in opposition to the motions and Plaintiff filed a reply in support of his requests. (Doc. Nos. 175 and 176), For the reasons set forth herein, both motions are denied.

Plaintiff is a state prisoner who appeared in this action *pro se* and *in forma pauperis*. He alleged violation of his civil rights with regard to his treatment during incarceration at two separate Oklahoma correctional facilities, Lexington Correctional Center and Davis Correctional Facility. Pursuant to 28 U.S.C. § 636, the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. Judge Erwin's recommendations included: (1) a May 23, 2018 Report and Recommendation wherein he recommended that the Motion to Dismiss by Defendants Allbaugh, Knutson, Briggs, Pratt, Means, and Madden be granted as well as the Motion to Dismiss by Defendant Elliott (Doc.No. 99); (2) a January 31, 2019 Report and Recommendation that a second Motion to Dismiss by

Defendants Allbaugh and Knutson be granted (Doc.No. 166); and (3) a February 12, 2019 Report and Recommendation that the Motion for Summary Judgment by the Davis Correctional Facility Defendants be granted (Doc.No. . Following objections by Plaintiff and *de novo* review by the undersigned the case was ultimately dismissed on August 2, 2019. The Court adopted the May 23, 2018 Report and Recommendation on July 17, 2018, dismissing the claims against the Defendants arising out of Plaintiff's incarceration at the Lawton Correctional Facility. (Doc. No. 111). The Court adopted the January 31, 2019 Report and Recommendation via an Order dated August 2, 2019, finding that Defendants Allbaugh and Knutson were entitled to dismissal of Plaintiff's claims related to his period of incarceration at the Davis Correctional Facility. (Doc. No. 170). The Court adopted the Report and Recommendation with regard to Plaintiff's claims stemming from his incarceration at the Davis Correctional Facility on August 2, 2019 (Doc.No. 171), granting summary judgment on certain claims for failure to exhaust and concluding that Plaintiff failed to state a claim with regard to Counts 5 and 6. Plaintiff thereafter filed the two motions currently before the Court, seeking reconsideration of the Court's unfavorable disposition of his various claims.[1]

---

[1] During the pendency of Plaintiff's objection to the January 2019 Report and Recommendations Plaintiff filed two new cases, CIV-19-439-R and CIV-19-529-R. Because Plaintiff's claims in Case No. 19-439-R arose out of his incarceration at the Oklahoma State Penitentiary, that case was transferred to the Eastern District of Oklahoma, where the Penitentiary is located, to cure a defect in venue. Case No. CIV-19-529-R was similarly transferred because Plaintiff's claims therein arose entirely from his time at the Davis Correctional Facility in Holdenville, Oklahoma, in the Eastern District. Although Plaintiff's claims in this case included claims related to Plaintiff's time at the Davis Correctional Facility, because they were pled with claims stemming from his time at the Lawton Correctional Facility the Court did not bifurcate the various claims and transfer those related to his time at Davis to the Eastern District of Oklahoma. To the extent Plaintiff's current motions rely on this Court's alleged prior determination that it lacked jurisdiction over those claims, Plaintiff's contention is factually erroneous. Both of these transfers were based on venue, not because the Court lacked jurisdiction. Accordingly, his argument that the Court lacked jurisdiction to enter its prior orders is without merit. (Doc.No. 174, p. 5).

Plaintiff filed both of the instant motions on September 2, 2019, relying on Rule 59(2) and Rule 60(b). "Rule 59(e) relief is available in limited circumstances, including '(1) in intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (brackets omitted)(quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Rule 59(e) motions may be granted when "'the court has misapprehended the facts, a party's position, or the controlling law.'" *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete*, 204 F.3d at 1012). But a Rule 59(e) motion is not an appropriate vehicle to "revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Nor is it "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) (internal quotation marks and citation omitted). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Nelson*, 921 F.3d at 929.

Plaintiff points to no intervening change in the law, or clear error, but rather argues for the first time that, during the summary judgment stage of these proceedings, he submitted Requests to Staff on the issues in this case to Burney, the law librarian, and the requests were returned, thereby preventing Plaintiff from exhausting his claims, one of the

3

grounds on which the Court relied in dismissing certain claims.[2] A Rule 59(e) motion "is not . . . an opportunity for the losing party to raise new arguments that could have been presented originally." *Matosantos Comm. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n. 2 (10th Cir.2001).[3] Plaintiff had ample opportunity to raise this argument in his objection to the Report and Recommendation, but he did not. The argument is thus waived. The Court "need not, and does not, consider the argument." *Id.* (citation omitted).

Plaintiff also moves for relief from judgment under Rule 60(b). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances . . . [p]arties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Zurich N. Am. v. Matrix Serv., Inc.,* 426 F.3d 1281, 1290 (10th Cir. 2005) (quotations marks and citation omitted). The Court's decision to vacate or amend a judgment under Rule 60(b) is discretionary. *Servants of Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000).

Plaintiff relies on the same factual basis for his Rule 60 motion, that is, that Davis Correctional Facility employees would not file his Requests to Staff and further, that he was transferred to OSP without certain legal materials. According to the record, Plaintiff was transferred to OSP in September 2018, yet he did not raise these arguments until after judgment was entered against him. The Court finds no basis in Rule 60(b)(2) that permits

---

[2] In response to the Motion for Summary Judgment, Plaintiff repeatedly argued that he had attempted to exhaust by filing emergency grievances which were rejected because the issues were not, in fact, emergencies. The Court concluded that Plaintiff failed to exhaust because he did not return to step one of the general grievance process. His new argument appears to be an effort to avoid the Court's conclusion.

[3] Plaintiff attempts to avoid this limitation by arguing this is new evidence; however, he does not indicate why he was allegedly unaware of the rejection of the re-filed grievances during the pendency of this action.

4

a Court to set aside an order due to newly discovered evidence that, with reasonable diligence, could have been discovered. Fed. R. Civ. P. 60(b)(2). Plaintiff identifies no such evidence nor does he establish that any allegedly new evidence was only recently discoverable. Rule 60(b)(3) permits the Court to set aside an order or judgment due to "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The subsection "'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'" *Zurich N. Am. v. Matrix Serv., Inc.,* 426 F.3d 1281, 1290 (10th Cir.2005) (quoting *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1339 (5th Cir.1978)). "Regardless of the specific form of the allegation, the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Id.* (citation omitted). "[T]hey must show clear and convincing proof of fraud, misrepresentation, or misconduct." *Id.* (citations and internal quotation marks omitted). "Moreover, the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Id.* (citations and internal quotation marks omitted). To obtain relief from judgment based on misconduct by an adverse party, Plaintiff must show that defendant acted with "an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (internal quotation marks and citation omitted).

      Plaintiff argues that relief is warranted for the misconduct of prison officials. Plaintiff first alleges that his attempts to follow standard grievance procedures were thwarted by prison officials who failed to file his grievance forms or fulfill his procedural

requests. The Court rejected a similar argument in Plaintiff's prior case, also on a Rule 60 motion. Here, as in this prior case, Plaintiff's allegations do not satisfy Rule 60(b)'s requirements.

For the reasons set forth herein, Plaintiff's Motion for Relief from Judgment (Doc.No. 173) and his Motion to Alter and/or Amend (Doc.No. 174) are DENIED.

IT IS SO ORDERED this 11th day of February 2020.

_David L. Russell_
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**